# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL ANTHONY MCKEOWN, )
)
) CIVIL ACTION NO. 3:08-2843-RBH-JRM
Petitioner, )
)
)
v. ) **REPORT AND RECOMMENDATION**
)
WARDEN, KERSHAW CORRECTIONAL )
INSTITUTION, )
)
Respondent. )
_____)

Petitioner, Michael Anthony McKeown ("McKeown"), filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2008. At that time he was serving concurrent sentences of four (4) years for financial transaction card fraud ("FTC") at the South Carolina Department of Corrections ("SCDC"). McKeown was released from SCDC custody after the present petition was filed. Respondent filed a return and motion for summary judgment on November 13, 2008 asserting that he was entitled to summary judgment because McKeown was no longer "in custody" due to his release by SCDC. Because McKeown is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 14, 2008, explaining to McKeown his responsibility to respond to the motion for summary judgment. McKeown filed a response on December 9, 2008, in which he states "I'm not disputing the summary judgment, because I am not in the custody of the Department of Corrections." (Roseboro Response, p. 2).

According to the record produced by Respondent, McKeown pled guilty to two (2) counts

1

of FTC (less than five hundred dollars) and one (1) count of grand larceny in Greenville County on August 16, 2007. He was sentenced to two(2) four (4) year concurrent sentences for FTC and five (5) years suspended with three (3) years of probation for grand larceny. McKeown did not file a direct appeal.

McKeown filed an application for post-conviction relief ("PCR") alleging ineffective assistance of trial counsel and constitutional/statutory violations. The thrust of the PCR was that his sentences for FTC exceeded the statutory maximum sentence of one year. On May 22, 2008, the judge who accepted the guilty pleas issued a consent order vacating the FTC sentences and remanding those cases for resentencing. (Res.Mem., Ex. 5). McKeown then filed his present habeas petition. On August 25, 2008, McKeown was resentenced to time served on the FTC charges and released. (Res.Mem., Ex. 7). The PCR action was dismissed as moot on September 12, 2008 because McKeown had received the relief requested.

In his present petition, McKeown asserts three grounds for relief each of which relates to his convictions and sentences for FTC. Respondent asserts that he is entitled to summary judgment because McKeown is no longer in custody and his petition is moot.

A person seeking relief pursuant to § 2254, must show that he is "in custody pursuant to the judgment of a State Court...in violation of the Constitution or laws...of the United States." 28 U.S.C. § 2254(a). The person need not necessarily be in prison to meet the "in custody" requirement. If he is subject to any "restraints on a man's liberty, restraints not shared by the public generally," he is considered to be "in custody". Jones v. Cunningham, 371 U.S. 236 (1963). When a petitioner is unconditionally released from confinement, the court must determine whether or not his petition is moot. The prisoner maintains a viable action if he is subject to "collateral consequences" or where

situation is "capable of repetition yet evading review." <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968) and <u>Broughton v. North Carolina</u>, 717 F.2d 147 (4th Cir. 1983).

In the present case McKeown has been unconditionally released from his FTC sentences. Even though he is subject to "collateral consequences" (i.e., probation revocation) with respect to his grand larceny conviction, he has never challenged that conviction or sentence. Therefore, the undersigned concludes that McKeown is not "in custody" and his present petition is moot. It is recommended that Respondent's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 27, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).